NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re GOOGLE LLC,**
*Petitioner*

---

2026-111

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2025-00487 and IPR2025-00488.

---

## ON PETITION AND MOTION

---

Before LOURIE, WALLACH, and STOLL, *Circuit Judges*.

WALLACH, *Circuit Judge*.

## O R D E R

The United States Patent and Trademark Office (PTO) denied Google LLC's petitions for *inter partes* review of VirtaMove, Corp.'s patent, reasoning the "patent[] ha[s] been in force for more than 14 years, creating strong settled expectations" and Google had not shown review would be an appropriate use of PTO resources. Appx2. Google now seeks a writ of mandamus directing the PTO to vacate that decision and to reconsider its petitions for IPR without consideration of those "settled expectations." The Director of the PTO and VirtaMove oppose the petition.

In recent decisions, this court considered and rejected similar challenges, by way of mandamus relief, to the PTO's use of "settled expectations" as a factor in denying institution of *inter partes* review. *See In re Cambridge Indus. USA Inc.*, No. 2026-101, 2025 WL 3526129 (Fed. Cir. Dec. 9, 2025) (denying mandamus relief based on arguments that use of "settled expectations" violates separation of powers, exceeds statutory authority, and is arbitrary and capricious); *In re Sandisk Techs., Inc.*, No. 2025-152, 2025 WL 3526507 (Fed. Cir. Dec. 9, 2025) (same). Google has not shown a right to a different conclusion here based on *Celgene Corp. v. Peter*, 931 F.3d 1342, 1362 (Fed. Cir. 2019)—a case that did not involve or address the limits on our review of a denial-of-institution determination but rather whether final written decisions invalidating the challenged patent claims violated the Takings Clause.

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) The unopposed motion at ECF No. 7 for leave to file a brief as amicus curiae is granted and the corresponding brief is accepted for filing.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

January 27, 2026
Date